**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ALEX CICCOTELLI,<br><br>Plaintiff,<br><br>v.<br><br>SLR SENIOR INVESTMENT CORP., MICHAEL GROSS, BRUCE SPOHLER, STEVEN HOCHBERG, DAVID WACHTER, LEONARD POTTER, SLR INVESTMENT CORP., SOLSTICE MERGER SUB, INC., and SLR CAPITAL PARTNERS, LLC,<br><br>Defendants. | ) | Case No. ______________<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1. This action stems from a proposed transaction announced on December 1, 2021 (the "Proposed Transaction"), pursuant to which SLR Senior Investment Corp. ("SUNS" or the "Company") will be acquired by SLR Investment Corp. ("Parent"), Solstice Merger Sub, Inc. ("Merger Sub"), and SLR Capital Partners, LLC ("SCP," and together with Parent and Merger Sub, "SLRC").

2. On December 1, 2021, SUNS's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with SLRC. Pursuant to the terms of the Merger Agreement, SUNS's stockholders will receive shares of Parent common stock for each share of SUNS common stock they own.

3. On February 3, 2022, defendants filed a proxy statement/prospectus (the "Prospectus") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4. The Prospectus omits material information with respect to the Proposed Transaction, which renders the Prospectus false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Prospectus.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of SUNS common stock.

9. Defendant SUNS is a Maryland corporation and a party to the Merger Agreement. SUNS's principal executive offices are located at 500 Park Avenue, 3rd Floor, New York, New

York 10022. SUNS's common stock is traded on the NASDAQ, which is headquartered in New York, New York, under the ticker symbol "SUNS."

10. Defendant Michael Gross is Co-Chief Executive Officer and Chairman of the Board of the Company.

11. Defendant Bruce Spohler is Co-Chief Executive Officer, Chief Operating Officer, and a director of the Company.

12. Defendant Steven Hochberg is a director of the Company.

13. Defendant David Wachter is a director of the Company.

14. Defendant Leonard Potter is a director of the Company.

15. The defendants identified in paragraphs 10 through 14 are collectively referred to herein as the "Individual Defendants."

16. Defendant Parent is a Maryland corporation and a party to the Merger Agreement.

17. Defendant Merger Sub is a Maryland corporation, a wholly-owned subsidiary of Parent, and a party to the Merger Agreement.

18. Defendant SCP is a Delaware limited liability company, investment advisor to SUNS and Parent, and a party to the Merger Agreement.

## SUBSTANTIVE ALLEGATIONS

***Background of the Company and the Proposed Transaction***

19. SUNS is a closed-end investment company that has elected to be regulated as a business development company under the Investment Company Act of 1940.

20. A specialty finance company with expertise in several niche markets, SUNS primarily invests directly and indirectly in leveraged, U.S. middle market companies primarily in the form of cash flow first lien senior secured debt instruments and asset-based loans including

senior secured loans collateralized on a first lien basis primarily by current assets.

21. On December 1, 2021, SUNS's Board caused the Company to enter into the Merger Agreement with SLRC.

22. Pursuant to the terms of the Merger Agreement, SUNS's stockholders will receive shares of Parent common stock for each share of SUNS common stock they own.

23. According to the press release announcing the Proposed Transaction:

> SLR Investment Corp. (NASDAQ: SLRC) ("SLRC") and SLR Senior Investment Corp. (NASDAQ: SUNS) ("SUNS") today announced that they have entered into an agreement to merge together, with SLRC as the surviving company, subject to stockholder approval and customary closing conditions. The Boards of Directors of both SLRC and SUNS, on the recommendation of their special committees consisting only of the independent directors, have unanimously approved the transaction.
>
> Under the terms of the proposed merger, SUNS shareholders will receive an amount of SLRC shares with a net asset value ("NAV") equal to the NAV of SUNS shares that they hold at the time of closing. The exchange ratio will be determined within forty-eight hours prior to the closing such that shares issued by SLRC to SUNS shareholders will result in an ownership split of the combined company based on the respective NAVs of each of SLRC and SUNS. For illustrative purposes, based on NAVs as of September 30, 2021 and including expected transaction costs and distributions, SLRC would issue approximately 0.7763 shares for each SUNS share outstanding, resulting in approximate pro forma ownership of 77.2% for current SLRC stockholders and 22.8% for current SUNS stockholders.
>
> SLR Capital Partners, LLC ("SLR Capital Partners" or "we," "us," or "our") will continue to serve as the investment adviser of the combined company and all current SLRC officers and directors will remain in their current positions. Effective upon closing of the merger, SLR Capital Partners has voluntarily agreed to a 25 basis points reduction of the base management fee, resulting in a base management fee of 1.50% on gross assets up to 200% of SLRC's total net assets as of the immediately preceding quarter end. SLRC will retain the contractual annual base management fee payable by SLRC of 1.00% on gross assets that exceed 200% of SLRC's total net assets as of the immediately preceding quarter end.
>
> The combined company will trade under the ticker symbol "SLRC" on the Nasdaq Global Select Market and currently expects to continue to pay a quarterly distribution of $0.41 per share to the combined company's shareholders. However, there can be no assurance that the combined company will pay quarterly distributions at this amount or in any amount, and all future distributions will be subject to the approval of the combined company's board of directors. . . .

> The transaction, which is intended to be treated as a tax-free reorganization, is subject to various approvals by SLRC and SUNS stockholders and other customary closing conditions. Assuming these conditions are satisfied, the transaction is expected to close in the first half of 2022.
>
> Keefe, Bruyette & Woods, *A Stifel Company*, serves as financial advisor and Blank Rome LLP serves as the legal counsel to the special committee of SLRC. Houlihan Lokey Capital, Inc. serves as financial advisor and Dechert LLP serves as the legal counsel to the special committee of SUNS. Katten Muchin Rosenman LLP serves as the legal counsel to SLRC, SUNS and SLR Capital Partners.

***The Prospectus Omits Material Information, Rendering It False and Misleading***

24. Defendants filed the Prospectus with the SEC in connection with the Proposed Transaction.

25. As set forth below, the Prospectus omits material information.

26. First, the Prospectus omits material information regarding the parties' financial projections.

27. With respect to the SLRC Projections, SUNS Projections, and Pro Forma Projections, the Prospectus fails to disclose: (i) projected EBIT/EBITDA; (ii) projected cash flows; (iii) projected net asset value; (iv) projected net asset value per share; (v) projected dividends; (vi) projected synergies; and (vii) all underlying line items.

28. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

29. Second, the Prospectus omits material information regarding the analyses performed by Houlihan Lokey Capital, Inc.'s ("Houlihan Lokey") and Keefe, Bruyette & Woods, A Stifel Company ("KBW").

30. With respect to Houlihan Lokey's Selected Companies Analyses, the Prospectus fails to disclose the individual multiples and metrics for the companies observed by Houlihan Lokey in the analyses.

31. With respect to Houlihan Lokey's Selected Transactions Analysis, the Prospectus fails to disclose the individual multiples and metrics for the transactions observed by Houlihan Lokey in the analysis.

32. With respect to Houlihan Lokey's Discounted Dividend Analyses, the Prospectus fails to disclose: (i) the individual inputs and assumptions underlying the discount rates ranging from 7.0% to 8.0% with respect to SUNS; (ii) Houlihan Lokey's basis for applying a range of terminal value multiples of 0.90x to 1.00x to SUNS's estimated 2025E Net Asset Value; (iii) the individual inputs and assumptions underlying the discount rates ranging from 7.0% to 8.0% with respect to SLRC; (iv) Houlihan Lokey's basis for applying a range of terminal value multiples of 0.90x to 1.00x to SLRC's estimated 2025E Net Asset Value; (v) the terminal values used in the analyses; and (vi) the projected net asset values and dividends used in the analyses.

33. With respect to KBW's Selected Companies Analysis, the Prospectus fails to disclose the individual multiples and metrics for the companies observed by KBW.

34. With respect to KBW's Selected Transactions Analysis, the Prospectus fails to disclose the individual multiples and metrics for the transactions observed by KBW.

35. With respect to KBW's Dividend Discount Analyses, the Prospectus fails to disclose: (i) the terminal values, dividends, and net asset values used in the analyses; and (ii) the individual inputs and assumptions underlying the discount rates and multiples used in the analyses.

36. With respect to KBW's Potential Net Investment Income Per Share Accretion analysis, the Prospectus fails to disclose: (i) the pro forma assumptions used in the analysis; and

(ii) the extent to which the Proposed Transaction could be accretive to SLRC's estimated net investment income per share.

37. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

38. Third, the Prospectus fails to disclose material information regarding Houlihan Lokey's engagement.

39. The Prospectus fails to disclose the fees Houlihan Lokey received specifically from SUNS and its affiliates for the prior work it performed for those entities.

40. The Prospectus fails to disclose the fees Houlihan Lokey received specifically from SLRC and its affiliates for the prior work it performed for those entities.

41. Fourth, the Prospectus fails to disclose material information regarding potential conflicts of interest of defendants.

42. The Prospectus fails to disclose the timing and nature of all communications regarding post-transaction employment, directorships, and benefits, including who participated in all such communications.

43. The Prospectus also fails to disclose how the members of the special committee of the Board were selected.

44. The omission of the above-referenced material information renders the Prospectus false and misleading.

45. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and SUNS**

46. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

47. The Individual Defendants disseminated the false and misleading Prospectus, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. SUNS is liable as the issuer of these statements.

48. The Prospectus was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Prospectus.

49. The Individual Defendants were at least negligent in filing the Prospectus with these materially false and misleading statements.

50. The omissions and false and misleading statements in the Prospectus are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Prospectus and in other information reasonably available to stockholders.

51. The Prospectus is an essential link in causing plaintiff to approve the Proposed Transaction.

52. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

53. Because of the false and misleading statements in the Prospectus, plaintiff is threatened with irreparable harm.

**COUNT II**

**Claim for Violation of Section 20(a) of the 1934 Act Against the Individual Defendants and SLRC**

54. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

55. The Individual Defendants and SLRC acted as controlling persons of SUNS within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or Board members of SUNS and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Prospectus, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

56. Each of the Individual Defendants and SLRC was provided with or had unlimited access to copies of the Prospectus alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

57. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Prospectus contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Prospectus.

58. SLRC also had supervisory control over the composition of the Prospectus and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Prospectus.

59. By virtue of the foregoing, the Individual Defendants and SLRC violated Section 20(a) of the 1934 Act.

60. As set forth above, the Individual Defendants and SLRC had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Prospectus that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

**JURY DEMAND**

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: February 22, 2022

**RIGRODSKY LAW, P.A.**

By: */s/ Gina M. Serra*

Seth D. Rigrodsky
Timothy J. MacFall
Gina M. Serra
Vincent A. Licata
825 East Gate Boulevard, Suite 300
Garden City, NY 11530
(516) 683-3516
sdr@rl-legal.com
tjm@rl-legal.com
gms@rl-legal.com
vl@rl-legal.com

*Attorneys for Plaintiff*